**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3613-24

BRANDON LEE,

     Plaintiff-Appellant,

v.

PKM LOGISTICS, LLC, and
PETER MUINDI,

     Defendants-Respondents.

_____

        Submitted December 3, 2025 – Decided January 14, 2026

        Before Judges Gummer, Paganelli and Vanek.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8706-24.

        Brandon J. Broderick, LLC, attorneys for appellant (Michael K. Fortunato, of counsel and on the briefs).

        Ogletree, Deakins, Nash, Smoak & Stewart, PC, attorneys for respondents (Robert C. Perryman, on the brief).

PER CURIAM

Plaintiff Brandon Lee appeals from a June 6, 2025 order compelling arbitration and dismissing his complaint. Because we conclude the arbitration clause is enforceable, we affirm the trial court's order compelling arbitration. However, we reverse the portion of the order dismissing the complaint and remand for the entry of an order staying the case pending arbitration.

I.

We recount the salient facts from the motion record. Lee was employed by defendant PKM Logistics, LLC (PKM) as a delivery associate from January through October 2024. PKM provides local delivery services on behalf of Amazon Logistics (Amazon) through Amazon's "Delivery Service Partner [P]rogram."

Prospective PKM employees are required to complete an online registration process that includes a request to assent to a "Mutual Agreement to Individually Arbitrate Disputes" (Arbitration Agreement). In order to continue with the registration process, a prospective PKM employee must click the "I Agree and Accept" button, which appears below both the full text of the Arbitration Agreement and the following paragraph at the bottom of their screen:

> **Employee Acknowledgment.** I understand that by clicking on the "I Agree and Accept" Button below that

I agree to the terms of, and agree to be bound by, this [Arbitration] Agreement. I further agree and acknowledge that my acceptance of or continuing employment with the Company provides further evidence of my agreement to accept and be bound by the terms of this [Arbitration] Agreement. I understand that this [Arbitration] Agreement will remain in effect after my employment ends and that nothing in this [Arbitration] Agreement modifies the at-will nature of my employment.

Once the employee clicks "I Agree and Accept," the online registration system assigns a "unique transporter id" associated with the employee and captures the date and time of their acceptance of the Arbitration Agreement.

Lee alleges PKM terminated his employment in October 2024, after he complained that his child support obligation was deducted from his paycheck but was not credited to his child support account. In December 2024, Lee filed a complaint against PKM and supervisor Peter Muindi, asserting causes of action under the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -14, and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14.

Defendants moved to compel arbitration and to dismiss Lee's complaint, relying on the declarations of Muindi and Amazon employee Alexis Cantwell-Badyna, among other supporting exhibits. Cantwell-Badyna had reviewed Amazon's records, which demonstrated Lee assented to the Arbitration Agreement on December 15, 2023, with the date and time having been recorded

3

when Lee clicked the "I Accept and Agree" button. Muindi certified an employee "must acknowledge receipt of, and agree to abide by" the Arbitration Agreement in order to continue with the online application process, adding that his records reflected the same date and time of Lee's electronic signature.

In opposition, Lee certified he could not locate a copy of the Arbitration Agreement, despite his diligent efforts, and he did not remember signing the document. Lee also stated that PKM did not assert he had signed an Arbitration Agreement until after he commenced litigation.

After hearing argument on June 6, 2025, the judge issued an oral ruling and entered an order compelling arbitration and dismissing Lee's complaint. The judge found the parties had mutually assented to the clear and unambiguous Arbitration Agreement prior to the date Lee's employment at PKM commenced, as evidenced by Lee's "unique transporter id" along with a time and date stamp. In finding mutual assent, the judge relied on our Supreme Court's holding in Skuse v. Pfizer, Inc., 244 N.J. 30 (2020).

Lee argues on appeal that the judge erred in compelling arbitration and dismissing his complaint because the record contained insufficient evidence to find he had assented to the Arbitration Agreement. Lee requests that we reverse

the judge's order and remand for discovery prior to a plenary hearing to be held regarding his consent.

## II.

"The enforceability of a contractual arbitration provision is a question of law," which we review de novo. Fazio v. Altice USA, 261 N.J. 90, 103 (2025). Thus, "we 'need not give deference to the [legal] analysis by the trial court.'" Santana v. SmileDirectClub, LLC, 475 N.J. Super. 279, 285 (App. Div. 2023) (alteration in original) (quoting Goffe v. Foulke Mgmt., 238 N.J. 191, 207 (2019)).

"New Jersey has a long-standing policy favoring arbitration as a means of dispute resolution." Santana, 475 N.J. Super. at 285; see also Martindale v. Sandvik, Inc., 173 N.J. 76, 92 (2002) (acknowledging "the affirmative policy of this State, both legislative and judicial, favors arbitration as a mechanism for resolving disputes"). Application of this policy, however, "is not without limits." Santana, 475 N.J. Super. at 285 (quoting Gayles by Gayles v. Sky Zone Trampoline Park, 468 N.J. Super. 17, 23 (App. Div. 2021)).

"When reviewing a motion to compel arbitration, courts apply a two-pronged inquiry: (1) whether there is a valid and enforceable agreement to arbitrate disputes; and (2) whether the dispute falls within the scope of the

agreement." Wollen v. Gulf Stream Restoration & Cleaning, LLC, 468 N.J. Super. 483, 497 (App. Div. 2021). "An arbitration provision is not enforceable unless the consumer has reasonable notice of its existence." Santana, 475 N.J. Super. at 285 (quoting Wollen, 468 N.J. Super. at 498). Also, to enforce a waiver-of-rights provision, the law "requires some concrete manifestation of the employee's intent as reflected in the text of the agreement itself." Leodori v. CIGNA Corp., 175 N.J. 293 (2003) (quoting Garfinkel v. Morristown Obstetrics & Gynecology Assocs., 168 N.J. 124, 135 (2001)).

"Clickwrap, 'click-through' or 'click-to-accept' . . . [agreements], require[] 'a user [to] consent to any terms or conditions by clicking on a dialog box on the screen in order to proceed with the internet transaction.'" Wollen, 468 N.J. Super. at 496 (quoting Skuse, 244 N.J. at 55 n.2). Clickwrap agreements are "routinely enforced by the courts" because "[b]y requiring a physical manifestation of assent, a user is said to be put on inquiry notice of the terms assented to." Santana, 475 N.J. Super. at 288-89 (alteration in original) (first quoting Skuse, 244 N.J. at 55 n.2; and then quoting Applebaum v. Lyft, Inc., 263 F. Supp. 3d 454, 465 (S.D.N.Y. 2017)). In the context of clickwrap agreements, "[w]here there is no evidence that the offeree had actual notice of the terms of the agreement, the offeree will still be bound by the agreement if a

6

reasonably prudent user would be on inquiry notice of the terms." Id. at 288 (alteration in original) (quoting Meyer v. Uber Techs., Inc., 868 F.3d 66, 74-75 (2d Cir. 2017)).

In Santana, we distinguished between circumstances in which assent is required before being able to access a company's services and those where prior assent is not mandated. See id. at 286-88. There, the plaintiff had to register assent to the company's terms before being able to access its services. Id. at 291 ("[H]ad plaintiff left the 'I agree' box unchecked, the 'Finish My Account' bar on the company's website would not have functioned."). The Santana Court concluded the clickwrap arbitration agreement at issue was enforceable.

The Court has also enforced arbitration agreements based upon mutual assent evidenced by continued employment. In Skuse, the defendant-employer notified the plaintiff four years after it had hired her that its then newly adopted arbitration policy would become effective as a condition of her continued employment. 244 N.J. at 36. The plaintiff "opened e-mails that linked to the [a]greement, completed a 'training module' regarding the arbitration policy, and clicked a box on her computer screen that asked her to 'acknowledge' her obligation to assent to the [a]greement as a condition of her continued employment after sixty days." Ibid. The plaintiff then worked for the employer

for thirteen months before the alleged employment discrimination arose.  Ibid.
The Court found the plaintiff was bound by the agreement, reasoning the arbitration provision explained in "clear and unmistakable terms the rights that [the plaintiff] would forego if she assented to arbitration by remaining employed at [the company] for sixty days."  Id. at 61.

Because Lee does not dispute that the Arbitration Agreement encompasses his claims, our de novo review here is limited to the first Wollen prong—determining whether the judge erred in finding the Arbitration Agreement is enforceable.  We discern no error in the judge's finding of mutual assent to the Arbitration Agreement.  The clickwrap agreement at issue, which contained the Arbitration Agreement, is enforceable based on prevailing case law.  The entirety of the Arbitration Agreement was provided to Lee during online registration and, in order to proceed with the onboarding process, he had to first click the "I Agree and Accept" button.  The date and time of Lee's acceptance of the Arbitration Agreement was captured on-the computer system, similar to the circumstances in Santana.  As in Skuse, Lee also demonstrated his assent to the Arbitration Agreement by clicking the "I Agree and Accept" button and thereafter proceeding with employment.  See ibid.

Lee does not present evidence to dispute defendants' proffer that Lee's name next to an identification number—unique to Lee alone and bearing the time and date he clicked the "I Agree and Accept" button—established he assented to arbitration. Lee's assertions that he does not remember clicking the button, he has no record of the Arbitration Agreement, and that PKM did not remind him he had assented to the Arbitration Agreement until he sued, do not vitiate enforcement of the Arbitration Agreement. Lee's conjecture that the unique transporter id demonstrating his assent to the Arbitration Agreement could have been generated through the unauthorized access of his account is not sufficient to defeat the motion.

Although we discern no error in the order compelling arbitration, we reverse the dismissal of Lee's complaint and remand for entry of an order staying any further action in the Law Division pending arbitration in accordance with prevailing law. See Santana, 475 N.J. Super. at 291-92; see also Perez v. Sky Zone LLC, 472 N.J. Super. 240, 251 (App. Div. 2022) (citing 9 U.S.C. § 3; N.J.S.A. 2A:23B-7(g)) (stating "[u]nder the F[ederal Arbitration Act] and the [New Jersey Arbitration Act], a court must stay an arbitrable action pending the arbitration").

Affirmed in part, reversed in part, and remanded for the limited purpose of entering an order staying the case pending arbitration. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division